(No. 80-CV-0429—)

*In re* APPLICATION OF WILLIAM SWAN.

*Opinion filed April 3, 1981.*

WILLIAM SWAN, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on September 16, 1977. William Swan, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, William Swan, age 27, was a victim of a violent crime, as defined in section 2(c) of the Act, to wit: Aggravated Battery. Ill. Rev. Stat. 1977, ch. 31, par. 12—4.

2. That on September 16, 1979, the Claimant was stabbed by an unknown offender during the course of a robbery. The incident occurred on the CTA platform located at 315 E. Garfield, Chicago, Illinois. The Claimant was taken to Provident Hospital for treatment of his injuries.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $11,462.40, $9,947.64 of which was paid by insurance, leaving a balance of $1,514.76.

5. That the Claimant was employed by Bradner, Smith & Company prior to the injury and his average monthly earnings were $507.69. Claimant was disabled

and unable to work from September 17, 1979, to May 22, 1980, a period of 8 months and 4 working days.

6. That section 4 of the Act states that loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less.

7. That based on $500.00 per month, the maximum compensation for loss of earnings for 8 months and 4 working days is $4,090.92.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

10. That the Claimant has received $1,300.00 in disability benefits.

11. That the Claimant is entitled to an award based on the following:

| | |
|---|---|
| Compensable Loss of Earnings | $4,090.92 |
| Net Medical/Hospital Expenses | 1,514.76 |
| Total | $5,605.68 |
| Less Disability Benefits | −1,300.00 |
| Less $200.00 Deductible | − 200.00 |
| Total | $4,105.68 |

It is hereby ordered that the sum of $4,105.68 (four thousand one hundred five dollars and sixty-eight cents) be and is hereby awarded to William Swan, an innocent victim of a violent crime.